# Wabash, St. Louis and Pacific Railway Company

## v.

# Henry J. Rector.

*Filed at Springfield September 28, 1882.*

1. Appeal—*reviewing facts.* On an appeal to this court from the Appellate Court, in an action to recover damages for a personal injury from negligence or willful act of the defendant's servant, the facts will not be examined any further than may be necessary to an understanding of questions of law raised,—as, for instance, the propriety of instructions based upon the evidence. The finding of the facts by the Appellate Court, in such case, is conclusive.

2. Carrier of passengers—*when the relation exists.* The purchase of a ticket by a person on a company's railway, between two stations, creates the relation of carrier and passenger between them, with all the duties the law imposes on each.

3. Same—*relative duties of railroad carrier and passengers as to getting off and on cars.* It is the duty of every railroad company to cause its passenger trains to stop at each station advertised as a place for receiving and discharging passengers, a sufficient length of time to receive and let off passengers with safety, and to provide a reasonably safe way of reaching and

departing from their cars at all usual stations, and it is the duty of passengers to exercise ordinary care for their safety in attempting to take passage on railway cars.

4.   No degree of carelessness or negligence on the part of a passenger will excuse a wanton and malicious attack on him by the conductor or other servant of the railroad company.   No matter how negligent a passenger may be for his safety, that will not warrant the infliction of a willful injury by a railroad employé.

5.   Master and servant—*liability of master for acts of servants.*   In an action for damages against a railway company, the proof showed that the plaintiff, having a ticket, delayed getting upon the train until it had started and got under considerable speed, when he caught hold of the railing at the end of the rear car and stepped upon the bottom step, when he was swung round to the rear of the car, with his back toward it, and in an effort to recover himself swung back, and with his right hand took hold of the other guard rail, and while in that position, it was claimed he was wantonly and maliciously assaulted by the conductor.   The court instructed the jury that if they believed, from the evidence, that plaintiff, under all the circumstances, in attempting to board the train acted as a reasonably prudent man would have done under like circumstances, without negligence, and used ordinary care to prevent accident, and that injuries were sustained by him resulting from the willful or wantonly malicious conduct of the servant of defendant acting in the line of his duty, the defendant was liable for such injuries:   *Held,* that while under some circumstances the principles of the instruction might be applicable, it was calculated to mislead the jury under the facts of the case tried.

6.   Exemplary damages—*not given as a matter of right.*   Where an injury is wantonly and willfully inflicted, the jury *may,* in addition to the actual damages sustained, visit upon the wrong-doer vindictive or punitive damages, by way of punishment for the wrongful act, but the party is not "*entitled*" to such damages as a matter of right, and it is error to so instruct, in any case.   Whether the party may have such damages, rests largely in the discretion of the jury, under all the circumstances, and they should be left free to exercise their judgment in this respect.

7.   Instructions—*must not ignore important fact bearing on party's rights.*   An instruction is vicious which ignores an important fact intimately connected with and affecting the plaintiff's right, or the extent of the defendant's liability, which the evidence tends to prove.   Thus, in an action against a railroad company to recover for a permanent personal injury to the plaintiff, including one to his spine, claimed to have resulted from an unjustifiable assault upon him by the conductor as he was attempting to board a car while in motion, the proof tending strongly to show that the principal injury, the one to his spine, was caused by a severe strain or wrenching of his body in attempting to get on the train, an instruction which ignores the fact that such injury might have resulted from his own imprudent act, should

not be given. It should exclude from the jury all idea that there could be any recovery for injuries sustained by the imprudent attempt to board the car while in motion.

8. Same—*error when not cured by others.* It is not sufficient, in such a case, that some of the defendant's instructions may have stated the law correctly on such branch of the case. The plaintiff's instructions should have done the same thing, so that the jury might not be misled by considering one set or the other of the charges given.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. S. P. Shope, Judge, presiding.

Mr. F. T. Hughes, for the appellant:

The facts amount to such culpable and willful negligence on the part of the plaintiff, as will preclude a recovery on account of contributory negligence. The statute makes it a criminal offence for any person to climb, jump, cling to or attach himself to a car in motion. Field on Damages, 167; *Chicago and Northwestern Ry. Co.* v. *Scates,* 90 Ill. 586; *Railroad Co.* v. *Aspell,* 23 Pa. St. 147; *Nichols* v. *Railway Co.* 106 Mass. 463; *Harvey* v. *Railway Co.* 116 id. 269; *Illinois Central R. R. Co.* v. *Able,* 59 Ill. 131; *Ohio and Mississippi R. R. Co.* v. *Schiebe,* 44 id. 460; *Illinois Central R. R. Co.* v. *Slatten,* 54 id. 133.

The appellee was doing an unlawful act. His injury resulted from that act, and if so, he can not recover. Wood on Master and Servant, sec. 319; *Harris* v. *Hatfield,* 71 Ill. 310; *Bosworth* v. *Swanson,* 10 Metc. 363; *Heland* v. *Lowell,* 3 Allen, 408; *Illinois Central R. R. Co.* v. *Hetherington,* 83 Ill. 510.

If plaintiff was injured by the servant of appellant, it was outside of the employment of the servant. *Middleton* v. *Fowler,* Salk. 282; *Roe* v. *Birkenhead R. R. Co.* 7 Eng. L. & Eq. 546; Story on Agency, sec. 456; Angell on Carriers, sec. 604; Hilliard on Torts, 432; Cooley on Torts, 533; Wood's Master and Servant, 555; 2 Kent's Commentaries,

260; Thompson on Negligence, 885; Pierce on Railroads, 279; *Bryant* v. *Rich*, 106 Mass. 180; *Little Miami R. R. Co.* v. *Wetmore*, 19 Ohio St. 110.

The court erred in giving the tenth instruction, directing the jury to assess vindictive damages. *McKinley* v. *Chicago and Northwestern Ry. Co.* 44 Iowa, 321; *Crocker* v. *Chicago and Northwestern Ry. Co.* 36 Wis. 657; Pierce on Railroads, 305, 306; Field on Damages, 96; *McKeen* v. *Citizens' Ry. Co.* 40 Mo. 88; *Goddard* v. *Grand Trunk R. R. Co.* 57 Me. 202.

To hold the principal, who has done or authorized no wrong, liable for exemplary damages, is against the general principles of the law of exemplary damages. Wood's Master and Servant, 598; Cooley on Torts, 127; Shearman & Redfield on Negligence, sec. 601; *Caldwell* v. *New Jersey Steamboat Co.* 47 N. Y. 282; *Hagan* v. *Providence R. R. Co.* 3 R. I. 88; *Turner* v. *North B. R. R. Co.* 34 Cal. 594; *Ken. and G. R. R. Co.* v. *Dills*, 4 Bush, 593.

For all such acts as are outside the employment, and not ratified, only actual damages can be allowed. *Crocker* v. *Chicago and Northwestern Ry. Co.* 36 Wis. 657; *Chicago and Rock Island R. R. Co.* v. *McKean*, 40 Ill. 218.

Messrs. GRAY & WAGGONER, and Mr. L. W. JAMES, for the appellee:

One who procures a ticket for a passage on the company's cars, is to be regarded as a passenger from the time he purchases the same, and it is the duty of the company to provide him a safe passage to his seat in the cars. Redfield on Carriers, 269, 352.

To all legal intent and purpose the conductor in charge of a train is, for the time being at least, the company itself, and said company is fully responsible for all his acts and doings within the scope of his power, express or implied. *St. Louis, Alton and Chicago Ry. Co.* v. *Dalby*, 19 Ill. 353;

*Toledo, Wabash and Western Ry. Co.* v. *Harmon,* 47 id. 299 ; *Illinois Central R. R. Co.* v. *Reed,* 37 ·id. 508 ; *Northwestern R. R. Co.* v. *Hack,* 66 id. 239 ; *Chicago, Burlington and Quincy R. R. Co.* v. *Dickson,* 63 id. 157 ; *Noble* v. *Cunningham,* 74 id. 51 ; *Chicago, Burlington and Quincy R. R. Co.* v. *Bryan,* 90 id. 126 ; *Chicago and Northwestern R. R. Co.* v. *Moranda,* 93 id. 303 ; *Goddard* v. *G. T. R. R. Co.* 57 Maine, 202 ; *A. and G. W. R. R. Co.* v. *Dunn,* 19 Ohio, 162 ; *Hanson* v. *N. A. R. R. Co.* 57 Maine, 84 ; 1 American Railway Cases, Smith & Bates' notes, 127 ; *Sleeth* v. *Wilson,* 9 Carr. & Payne, 607 ; *Bryant* v. *Rich,* 106 Mass. 180 ; *Coleman* v. *N. Y. and N. H. R. R. Co.* 106 id. 160 ; *Brokaw* v. *N. J. R. R. Co.* 3 Vroom, (N. J.) 328 ; *Kline* v. *C. P. R. R. Co.* 37 Cal. 327 ; *Passenger R. R. Co.* v. *Young,* 21 Ohio St. 518 ; *Sherley* v. *Billings,* 8 Bush, 147.

The act of the agent of appellant was wanton, willful and malicious, and highly oppressive, and in such cases exemplary damages should be given. *Illinois Central R. R. Co.* v. *Parks,* 88 Ill. 375 ; *Chicago, Burlington and Quincy R. R. Co.* v. *Bogue,* 1 Bradw. 473 ; *Same* v. *Bryan,* 90 Ill. 126 ; *Hawk* v. *Ridgeway,* 33 id. 473 ; *City of Chicago* v. *Martin,* 49 id. 245 ; *Illinois Central R. R. Co.* v. *Hammer,* 72 id. 348 ; *Toledo, Peoria and Warsaw Ry. Co.* v. *Patterson,* 63 id. 304 ; *Atlantic and Great Western R. R. Co.* v. *Dunn,* 19 Ohio St. 162 ; *Pittsburg, A. and M. R. R. Co.* v. *Donahue,* 70 Pa. St. 119.

Mr. Chief Justice Scott delivered the opinion of the Court :

This action was brought by Henry J. Rector, against the Wabash, St. Louis and Pacific Railway Company, and Theodore F. Kent, to recover for personal injuries. No service of process was had on Kent, and the action proceeded against the railway company alone. The facts necessary to an understanding of the questions of law to be considered may be briefly stated. Plaintiff desired to become a passenger

on defendant's cars from Smithfield to Canton, and for that purpose purchased a ticket at the former station that would entitle him to become a passenger on defendant's road. It appears plaintiff delayed attempting to enter the cars until after the train was in motion, although plenty of time was allowed for that purpose, had he desired to do so. By the time he did attempt to get aboard, the train had acquired considerable speed. As the end of the rear car came opposite plaintiff he caught hold of the rear guard-rail and stepped with one or both feet on the bottom step, and swung around to the rear of the car. The evidence tends to show a collision occurred between plaintiff and the conductor, who was attempting to board the train at the same time and at the same platform. In an effort to recover himself plaintiff swung back, and with his right hand took hold on the other guard rail, and it was while he was in that position, it is alleged he was wantonly and willfully assaulted by the conductor. The injuries sustained by plaintiff were very serious indeed, and no doubt of a permanent character. On the trial in the circuit court the jury returned a verdict for plaintiff in the sum of $14,000. After a *remittitur* of $4000 was entered, the court overruled defendant's motion for a new trial, and rendered judgment on the verdict for $10,000. That judgment was affirmed in the Appellate Court, and defendant brings the case to this court on appeal.

With the facts of the case, further than they may be necessary to an understanding of the questions of law raised, this court will not concern itself. They have been ascertained by the Appellate Court, whence this cause comes, and that finding is, of course, under the statute, conclusive on this court. Some further reference to the facts may be necessary to render the legal questions discussed intelligible in their application to the case. As has been seen, plaintiff purchased a ticket on defendant's railway between two stations, and that fact created the relation of carrier and passenger, and the

law imposed duties arising out of that relation, both on the carrier and the passenger. It is the duty of every railroad company to cause its passenger trains to stop at each station advertised as a place for receiving and discharging passengers, a sufficient length of time to receive and let off passengers with safety, and to provide a reasonably safe way of reaching and departing from their cars at all usual stations, and it is the duty of passengers to exercise ordinary care for their safety on attempting to take passage on railway cars. These respective duties, as well as all others that tend to the security of passengers, neither party ought to omit.

No complaint is made in this case that defendant did not cause its train to stop at the station a sufficient length of time to allow all passengers that might wish to do so to get off or on its cars with safety. It is an admitted fact, plaintiff, although holding a ticket entitling him to passage, did not attempt to get aboard defendant's cars until the same began to move away from the station. After the cars were in motion, and had acquired considerable speed, plaintiff undertook to get on the cars by catching hold of the railing of the rear car, and while he was holding to it with both hands as well as he could, he was injured by a violent assault made by the conductor, and was otherwise injured. It is at this point in the case the first serious error occurs in the action of the trial court in giving instructions for plaintiff. The first of the series is as follows: "If the jury believe, from the evidence, that the plaintiff, under all the circumstances, in attempting to board defendant's train, if he so attempted, acted as a reasonably prudent person would have done under like circumstances, without negligence, and used ordinary care to prevent accident, and that injuries were sustained by the plaintiff resulting from the willful or wantonly malicious conduct of the servant of the defendant acting in the line of his duties, the defendant would be liable for such injuries." Under some circumstances the principle of this instruction

might be applicable, but it was calculated to mislead the jury under the admitted facts of this case. While this charge must be condemned in its application to the facts of this case, it must not be understood that any carelessness or degree of negligence on the part of a passenger would excuse a wanton and malicious attack on him by the conductor or other servant of the company. No matter how negligent a passenger may be for his safety, that would not warrant the infliction of a willful injury by a railroad employé.

The tenth charge of the series does not state a correct principle of law, and would be faulty in its application to any state of facts. It is as follows: "The court instructs the jury that if they believe, from the evidence in this case, that the plaintiff in this case, having a lawful right to ride on the defendant's train, was, at and within the county of Fulton, and State of Illinois, wantonly, willfully and maliciously expelled from said train by the conductor thereof while in the exercise of his lawful or implied duty about the business of the railroad company, as the servant and agent of defendant, and that by reason of such act the said plaintiff then and there sustained actual, serious and permanent injury and damage, then the plaintiff is not limited in his recovery to such actual damages sustained, but the plaintiff is entitled, in addition thereto, to such additional damages as the jury may in their judgment assess by way of punishment for such act." The vice of this instruction consists chiefly in the fact it states the rule as to vindictive or punitive damages broader than the law will warrant. Where an injury is wantonly and willfully inflicted, the jury may, in addition to the actual damages sustained, visit upon the wrong-doer vindictive or punitive damages by way of punishment for such willful injury, but it is not understood the injured party is "entitled" to such damages as a matter of right, and an instruction that tells the jury, as a matter of law, the injured party is "entitled" to such damages, goes too far, and is for

that reason vicious. A party may recover the actual damages inflicted by the wrong-doer, but whether he may have damages in addition thereto, rests largely in the discretion of the jury, under the circumstances, and they should be left free to exercise their judgments in that respect. It was prejudicial error to tell the jury, as the court did in this charge, that plaintiff was "entitled" to such damages above the actual damages sustained. It may be it was a case where the jury might give exemplary damages, but that was a question the court could not pass upon without invading the province of the jury.

But there is a vice common to most of the instructions given for plaintiff that must have been hurtful to the defence. Many of them ignore the fact the evidence tends to establish, viz., that plaintiff might have been injured otherwise than by the violence of the conductor. Whatever injuries he may have suffered other than from the assault of the conductor, were attributable to his own negligence, and for which defendant was in no way responsible. That which most seriously afflicts plaintiff, is some kind of an injury to the spine, and all the physicians say the injury of which he complained most might have been produced by a strain or wrenching of the body. One of them says it might "result from a very bad strain or twist of the body," and another, "that it might be produced by a very powerful twist or wrench of the body." The description given by plaintiff of the transaction, shows he must have sustained a very severe strain or wrenching of the body in the attempt to get on the train when in motion. His own account is, that when he caught hold of the railing he "swung clear," and had great difficulty in regaining his balance. A witness near at hand, and who saw all that took place, says plaintiff "stepped on the car and swung around with his back to the back end of the railing." All the witnesses agree the train had acquired considerable speed before

plaintiff attempted to get aboard of it, and there must, of necessity, have been a strain more or less severe to the body. Whether plaintiff was injured in that way, was a question that ought to have been more definitely submitted to the jury.   The instructions should have excluded from the jury all idea that there could be any recovery for injuries sustained by plaintiff on account of an imprudent attempt to board the train when in motion, other than that produced by the wrongful conduct of defendant's servants in charge of the train.   That the instructions did not do, and the error in this regard may account in some measure for the unusually large verdict rendered.   It is not sufficient in a case of this kind that some of defendant's instructions may have stated the law correctly on this branch of the case.   Plaintiff's instructions should have done the same thing, so that the jury could not have been misled by considering one set or the other of the charges given.

There may be slight errors in other instructions, but they have not been deemed to be of sufficient importance to be remarked upon.   On another trial the circuit court will make the instructions conform, as near as may be, to the views expressed in this opinion.

The judgment of the Appellate Court will be reversed, and the cause remanded, with directions to reverse the judgment of the circuit court, and remand the cause for a new trial.

*Judgment reversed.*