The Wabash, St. Louis and Pacific Railway Company

*v.*

Thomas Wallace.

*Filed at Ottawa May 19, 1884.*

1. Negligence—*contributory and comparative—of the degree of care required, under different circumstances.* Although a railway company may omit the statutory duty of ringing a bell or sounding a whistle at a public road crossing, still a party claiming to recover for an injury in consequence of such omission of duty, must have used due care and caution. The negligence of the company does not absolve him from all care. The plaintiff in such case, to recover, is required to exercise such care as might be expected of prudent men generally, under like circumstances.

2. Where it is well known to the servants of a railway company and a person injured at a road crossing, that such place is unusually hazardous, it is the duty of both parties to use more care than at ordinary crossings where the danger is not so great. In such case the servants of the company should ring the bell and sound the whistle to the full extent of the statutory requirement.

3. If a plaintiff who is injured at a highway crossing by a railway train does omit some slight precaution for his safety, and the railway company omits all care on its part, the plaintiff will not be without remedy. If the plaintiff's negligence is slight, and that of the company, when compared with that of the plaintiff, is gross, a recovery may be had.

4. What is prudence and proper care under some circumstances may be negligence in others; and so, negligence in danger under some circumstances might be regarded as prudence under others. Each case must depend largely on its own facts.

5. Same—*former decision—omission of railway company to give signals at highway crossings.* The rule laid down in *Chicago and Alton R. R. Co.* v. *Elmore*, 67 Ill. 178, in regard to the liability of a railway company for a personal injury caused by a neglect of the statutory duty of sounding a whistle or ringing a bell at public road crossings, has not been followed, but has been disregarded in subsequent cases, and that case is overruled.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. Francis Goodspeed, Judge, presiding.

Messrs. Sleeper & Whiton, for the appellant:

Under the circumstances of this case the engineer and fire-man were not required to slow up the train when they saw the plaintiff approaching the crossing, having a right to infer that as a man of ordinary sense he would not venture upon the track.    The authorities supporting our views are numer-ous:   *Railroad Co.* v. *Jones,* 76 Ill. 311; *Railroad Co.* v. *Jacobs,* 63 id. 178; *Railroad Co.* v. *Austin,* 69 id. 426; *Rail-road Co.* v. *Manly,* 58 id. 300; *Railroad Co.* v. *Sweeney,* 52 id. 325; *Railroad Co.* v. *Van Patten,* 64 id. 510; *Railroad Co.* v. *Bell,* 70 id. 102; *Railroad Co.* v. *Godfrey,* 71 id. 500; *Railroad Co.* v. *Goddard,* 72 id. 567; *Railroad Co.* v. *Harwood,* 80 id. 88; *Burling* v. *Railroad Co.* 85 id. 18; *Railroad Co.* v. *Damerell,* 81 id. 450; *Railroad Co.* v. *Dimmick,* 96 id. 47. See, also, cases cited in Thompson on Negligence, 426.

If the jury believed the testimony of Handy and Many-penny as to the ringing of the bell, then there was no possi-ble ground of recovery by the plaintiff.   They were not at liberty to disregard this testimony, and believe the simple negative, uncorroborated testimony of the plaintiff himself, that he did not hear the bell.   *Edler* v. *Achtman,* 10 Bradw. 488; *Haycroft* v. *Davis,* 49 Ill. 455; *Hartford Life Ins. Co.* v. *Gray,* 80 id. 28; *Evans* v. *George,* id. 51.

To recover, the plaintiff must have exercised ordinary care, such as a reasonably prudent person always will adopt for the security of his person.   *Railroad Co.* v. *Lee,* 68 Ill. 580; *Railroad Co.* v. *Johnson,* 103 id. 521.

The rule of comparative negligence laid down in the fourth instruction does not conform to the law as declared in *Rail-road Co.* v. *Dimmick,* 96 Ill. 47, and *Railroad Co.* v. *Johnson,* 103 id. 524.   The want of ordinary care is fatal to a recovery, no matter how gross the negligence of the defendant may have been.

The seventh instruction completely ignores the necessity of due care on the part of the plaintiff, and attempts to sub-

stitute in its place only slight negligence, which is a very different thing. *Railroad Co.* v. *Harwood*, 80 Ill. 88; *Railroad Co.* v. *Johnson*, 103 id. 512.

Mr. C. W. Brown, and Mr. F. Bennett, for the appellee:

The fourth instruction comes squarely within the rule of comparative negligence, drawn even as closely as it is. (*Railroad Co.* v. *Johnson*, 103 Ill. 524.) It avoids the very error complained of in that case, by not asking the jury to determine whether or not plaintiff's negligence was slight, as compared with negligence of defendant.

It is sufficient to say in reference to the criticism upon the seventh instruction, that it is precisely in the language that has been approved twice by the Supreme Court. *Chicago, Burlington and Quincy R. R. Co.* v. *Triplett*, 38 Ill. 483; *Chicago and Alton R. R. Co.* v. *Elmore*, 67 id. 178.

Mr. Justice Walker delivered the opinion of the Court:

This was an action on the case, instituted by appellee, Wallace, against appellant, to recover for injuries claimed to have been inflicted by the servants of appellant, in the negligent management of a train on its railroad. There were three counts in the declaration, in which it was averred that appellant's servants drove an engine and train on its road over the crossing of a highway so negligently that appellee was struck and injured, and his horse was 'damaged; that no whistle was sounded or bell rung, as required by statute, nor was there the sign required by the statute placed at the crossing; also, that the company had negligently permitted high piles of dirt and other substances to remain on its right of way, so as to obstruct the view of an approaching train on the railroad, whereby appellee and his horse were struck and injured. On a trial in the circuit court the jury found a verdict in favor of appellant for $1150. A motion for a new trial was entered and overruled, and judgment rendered on

the verdict. An appeal was perfected to the Appellate Court for the Second District, where, on a hearing, the judgment was affirmed, and the company brings the case to this court by appeal.

The facts are settled by the findings of the circuit and Appellate courts, and we are relieved from their consideration, further than as they are a basis for the rulings of the court in trying the cause. We shall examine some of the objections urged against such rulings.

Objections are urged against the appellee's seventh instruction. It is this:

"The jury are instructed that if they believe, from the evidence, that a bell was not rung, or a steam whistle sounded, at a distance of eighty rods from the crossing of said defendant's railroad across said north and south highway, and kept ringing or whistling until the crossing was reached, and the plaintiff was lulled into security by reason of such neglect on the part of the defendant, then the plaintiff would have the right to recover for any injury caused thereby, even though he was guilty of slight negligence."

Appellee cites in support of this instruction the case of *Chicago and Alton R. R. Co.* v. *Elmore*, 67 Ill. 178, and it seems to support the rule contained in the instruction. But the rule has been disregarded in subsequent cases. The cases of *Chicago, Burlington and Quincy R. R. Co.* v. *Harwood*, 80 Ill. 88, and *Chicago, Burlington and Quincy R. R. Co.* v. *Johnson*, 103 id. 512, clearly modify the rule announced by that case. They hold, that although the railroad company may omit the duty imposed by the statute, of ringing a bell or sounding a whistle, still the plaintiff must use care and caution,—that the negligence of the company does not absolve him from all care. Such a neglect of duty on the part of the company will no doubt exonerate the plaintiff from as high a degree of care as would have been required had it

performed the duty. Plaintiff, under such circumstances, is required to exercise care, and such care as might be expected from prudent men generally, under like circumstances. So far, therefore, as the *Elmore case* conflicts with the views here expressed, it is overruled.

In this case both parties knew that the place where the accident occurred was more than usually hazardous, and knowing that fact, both parties were under the duty of using more caution than at ordinary crossings. The road on which appellee was traveling bore almost due north and south, and he was traveling from the north. The railroad was located at an angle of about thirty degrees east of the road, north of the crossing. Where the collision occurred both appellee and the train approached it, the one from the north, and the other from thirty degrees east of north. The train approached appellee from behind, or nearly so, and to have seen the train he would have been compelled to almost turn facing that part of the road behind him,—hence the great necessity that the servants of the company should have rung the bell or sounded the whistle to the full extent of the statutory requirement. The omission of duty, and the want of care on the part of appellee, should not absolve the company from the use of care. Human life can not be thus sacrificed under the sanction of law. If the injured party does omit some slight precaution for his safety, and the company omits all care on its part, still the injured party is not without a remedy. If the plaintiff's negligence is slight, and that of the company, when compared with that of the plaintiff, is gross, a recovery can nevertheless be had. If both parties were to use the highest possible degree of care, such accidents as this could never occur; but the law does not demand that degree of care, because it is impracticable in the ordinary affairs of life, hence reasonable care is required.

It is impossible, in the nature of things, to lay down more than general rules, as exactness and precision are impossible,

because two cases are never more than approximately the same. Nor can there be any precise requirement demanded of individuals. Perhaps two persons of the highest order of intelligence and caution would not act precisely alike when menaced with the same imminent peril. Under the facts in each case we can only say that men have not acted as prudent men would be expected to do under the circumstances, and omitting to thus act, we can say they have not used due care when menaced with sudden and unexpected danger, or we can say they have done all that prudence requires. What is prudence and proper care under some circumstances is negligence under others, and so, negligence in danger under some circumstances would be regarded as prudence under others. Each case must necessarily depend largely on its own facts. But the instruction lacked the qualification that appellee was required to use care to avoid the accident, and was erroneous.

The judgment of the Appellate Court is reversed, and the cause remanded.

*Judgment reversed.*