CHICAGO & ALTON RAILROAD CO.

V.

JOHN M. DILLON.

</div>

1. INSTRUCTIONS—NEGLIGENCE.—An instruction which requires the jury to find whether the negligence of the plaintiff was slight, and that of the defendant gross, but does not require the jury to compare the negligence of the respective parties, and determine from such comparison whether the one is slight and the other gross, is erroneous.

2. QUESTIONS FOR COURT AND JURY.—The definition of negligence is for the court. Whether the facts in a particular case bring it within the definition is for the jury.

3. HIGHWAY—CARE NECESSARY.—If the public generally use a road as a public highway by the consent of the owner of the premises, and this be known to the railroad company, the law demands of the company the exercise of all ordinary care to avoid injury; and if the ringing of the bell or the sounding of the whistle would be considered reasonably necessary to be done to effect such purpose, the company should do so independent of the statute,, and can not rely upon the fact alone as a defense that it is not a *legal* highway.

APPEAL from Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 27, 1885.

Action on the case by appellee against the appellant to recover damages for injuries received in a collision occurring at the intersection or crossing of Avenue "F," at the National Stock Yards at East St. Louis, with a railroad track upon which the appellant was running one of its locomotives. The appellee was riding over the crossing in a wagon when he was struck by the engine, his horse killed, wagon broken and he seriously injured. The negligence alleged as the cause of the collision consisted in failing to ring the bell or sound the whistle and running the engine at a too high rate of speed. The claim of the appellant in defense was that it was not guilty of negligence in the respects named, but even if it was the plaintiff by his own negligence so far contributed to the injury as to prevent a recovery. The issue thus presented was sharply contested, and the testimony may be said to be quite conflicting.

The appellee asked but two instructions upon this branch of the case, being the second and third of the series, and are as follows:

2. The court instructs the jury that the question of the liability of the defendant does not depend wholly upon the absence of all negligence upon the part of the plaintiff, but it depends upon the relative degree of care, or want of care, manifested by both parties, as shown by the evidence. And in this case, although the jury may believe from the evidence that the plaintiff was not wholly without fault, yet if they further believe from the evidence that the defendant was guilty of gross negligence upon the occasion referred to, and that the

injury complained of was occasioned by such gross negligence, and further, that the negligence of plaintiff was but slight, then the jury may find defendant guilty.

3. The court further instructs the jury that if they believe from the evidence that the place of the injury complained of was the crossing of the railroad over a public highway, and that upon the occasion referred to by the witness, a bell was not rung nor a whistle sounded at a distance of eighty rods from the crossing, and kept ringing and whistling until the crossing was reached, and that the plaintiff was lulled into security by reason of such neglect on the part of defendant, and in attempting to cross the railroad track was struck and injured as charged in the declaration, then the plaintiff will be entitled to recover in this suit, even though he was guilty of slight negligence, if the jury believe from the evidence that his negligence was but slight and that of defendant gross.

Exceptions were taken to these instructions in the court below, and error is assigned in this court upon the action of the court in giving them. Judgment having been rendered against appellant it brings the record into this court by appeal.

Mr. L. H. HITE, for appellant.

Mr. W. H. BENNETT and Messrs. DILL & SCHAEFER, for appellee.

PILLSBURY, P. J. The instructions asked by plaintiff below concede that the evidence shows a proper case for the application of the doctrine of comparative negligence as applied by the courts of this State. It will be noticed that the instructions, while requiring the jury to find that the negligence of plaintiff was slight, and that of the defendant gross, omit entirely the element of the doctrine, uniformly announced in all the decisions, that requires the jury to compare the negligence of the respective parties and determine from such comparison whether the one is slight and the other gross.

This omission renders the instructions erroneous. In fact it was conceded upon the argument that they did not comply

in this respect with the rule generally stated in the adjudicated cases, but it was insisted that the terms slight and gross of themselves sufficiently instituted the comparison under the Johnson case, 103 Ill. 512; that if the negligence of plaintiff was found to be but slight, and that of the defendant gross, their relative degree could not be changed by comparing the one with the other.

It is evident that this decision was not intended to be understood as eliminating from the doctrine of comparative negligence the very element that makes it available to the plaintiff where both parties have been guilty of negligence contributing to the injury—the relative degree of guilt of the respective parties—as it has in subsequent cases been recognized, defined and upheld as still existing under the same limitations as before the Johnson case was decided. Chicago v. Stearns, 105 Ill. 554; W., St. L. & P. Ry. v. Wallace, 110 Ill. 114.

It is also urged that the court erred in refusing the eighth instruction asked by defendant, as follows:

" The court instructs the jury for the defendant that it was the duty of the plaintiff to look up and down the track in every direction the railroad ran before attempting to cross the railroad track upon which he was struck, and if the jury believe from the evidence that he failed to do this, and that such neglect caused the accident complained of, then the verdict must be for the defendant."

This instruction was properly refused for one of the reasons urged by the counsel for defendant to plaintiff's third instruction, that it assumes to tell the jury that certain facts constitute negligence in the given case. If counsel for defendants, in cases involving the question of negligence, would endeavor to be as accurate in their requests for instructions as they demand the plaintiff to be, they would at least be entitled to the merit of consistency in their arguments before the court. The definition of negligence is for the court. Whether the facts in a particular case bring it within the definition, is for the jury. Penn Co. v. Conlan, 101 Ill. 93; I. & St. L. R. R. Co. v. Morgenstern, 106 Ill. 216 ; Myers v. I. & St. L. R. R.. 113 Ill. 386.

C. & A. R. R. Co. v. Dillon.

Whether a person about to cross a railroad track should stop and listen or look up and down the track for approaching trains, depends upon the question whether under all the circumstances proven, reasonably careful, prudent persons would be expected to take such precautions. If the crossing, on account of obstructions upon the sides of the road, preventing a view of it, and trains frequently passing, or that may be expected at irregular intervals, is a dangerous one, it may well be that a prudent man would consider it gross negligence not to look out for danger. But this is a conclusion of fact, to be drawn from the other facts proved by the jury, and not a rule of law to be applied in every case without regard to the circumstances.

Only general rules can be laid down by which the conduct of men is to be judged. What may be ordinary care in some cases and under some circumstances, may be gross negligence under different ones; hence the necessity of judging the character of the act from the time, place and manner it is done, and all the circumstances surrounding the person when he does the act.

The seventh instruction asked by defendant might well have been refused, as its substance is incorporated in the fifth given, but the modification of it by inserting the word "equally" before the phrase "guilty of great carelessness," would lead the jury to suppose that before the plaintiff would be precluded by his carelessness from recovering, he must be equally guilty with the defendant in causing the injury. We know of no case thus stating the doctrine of comparative negligence. It is further insisted that the crossing in question was not a public highway, and the defendant therefore was not liable for a failure to ring a bell or sound a whistle as required by the statute.

The evidence shows that Avenue "F" has been used as a public traveled way for about ten years, and was as much used by the public as any highway in the country, although how it became such public way does not clearly appear. The question whether it was such public way was submitted to the jury upon instructions for the plaintiff, to which the defend-

ant urges no objection, and its own instructions upon that point are as favorable as it could well ask, for the court told the jury that it was at public highways only, as defined in the statute, that the defendant was bound to ring a bell or sound the whistle. If it was a way generally used by the public and the defendant knew that people were using it as a public highway, then the duty was imposed upon it at common law to use all reasonable precautions to avoid injury to persons crossing whether they would be liable to the statutory penalty for a failure so to do or not.

Besides, we are not prepared to say that a plaintiff in every case of an injury occurring at a highway crossing must be defeated, if it should not appear that the road came within the definition of a public highway as defined by the statute. If the public generally use it as such by the consent of the owner of the premises, and this be known to the defendant, the law demands of it the exercise of all ordinary care to avoid injury ; and if the ringing of the bell or the sounding the whistle would be considered reasonably necessary to be done to effect such purpose, then the railroad should do so independent of the statute, and can not rely upon the fact alone as a defense that it is not a *legal* highway. This brings us to the consideration of the last question made, that the court should not have permitted the appellee to show what the custom of other railroads was in regard to ringing the bell or sounding the whistle at this crossing. We can not think this evidence could have any bearing upon the question of the care exercised or negligence committed by the defendant. If the defendant had been accustomed to comply with the statute at this crossing as at highway crossings, it would be competent to show that fact as bearing upon the question of its knowledge of its character as a way used and treated by the public as a highway.

For the errors indicated, the judgment will be reversed and the cause remanded.

<div align="right">Judgment reversed.</div>