# PEACHY Q. HARRISON
## v.
# SARAH M. ELY.

*Trespass for Assault and Battery—Damages—Whether Excessive—Instructions.*

In an action of trespass for assault and battery this court finds no error in the instructions, and declines to interfere with a verdict for $1,000 as excessive, the question involved, in view of the conflict of evidence, being for the jury.

## [Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. McGUIRE & COLBY and BRADLEY & BRADLEY, for appellant.

Messrs. PATTON & HAMILTON, for appellee.

WALL, J. This was an action of trespass for assault and battery. The jury found the defendant guilty and assessed the damages of the plaintiff at $1,000.

A motion for a new trial was interposed, which was overruled by the Circuit Court, and judgment was entered for the plaintiff upon the verdict. The evidence leaves no doubt that the appellant committed an assault and battery upon the appellee, but how far he may have been provoked by the manner and language of the appellee, and how seriously she was injured, were the important questions of fact to be determined by the jury.

If the version given by the appellee was the true one, and if she has suffered as she says, the verdict is by no means unreasonable. We do not understand counsel to insist that appellant was free from blame, but that the damages allowed are excessive; and we assent to this if the version given by appellant is the true one, and if, as he seems to believe, there was no real injury sustained by the appellee, and that the in-

jury complained of is either imaginary, due to hysterics or simulated.

Of these matters the court and jury below were so much better able to judge by seeing and hearing the respective parties and witnesses than we are, that it would be manifestly improper to interfere with the judgment for this cause.   It must be assumed that the court below duly considered its responsibility in refusing the motion for a new trial and would not have sustained the verdict if the evidence, when considered in the light of the personal demeanor and appearance of the witnesses, did not warrant it.

The oft repeated and familiar considerations generally applicable, are especially so in this case.   It may be that the jury and the court were both mistaken, but, if so, the mistake went only to the amount which the appellant was liable for. We are not justified in holding there was error in this respect.

The first, second and third instructions for plaintiff are subjected to some criticism by counsel, upon the ground that they are too indefinite.   As to the first, it is said that while an assault may be wrongful and in an angry manner, it may be unintentional and without anger toward the person injured. It is clear that, as applied to the case in hand, the instruction is not objectionable in this respect.   The appellee was, no doubt, the intended object of an angry assault, though, as suggested heretofore, her own conduct, while not justifiable, may have mitigated the offense.   It is said, further, the instruction is too general in saying the plaintiff might recover for the damages sustained in consequence of the assault, but we see no objection to it on this account.   Objections not more forcible as to the second and third, need not be stated.   As to the fourth and fifth, it is urged they are faulty in advising the jury that plaintiff was entitled to punitive damages; citing W., St. L. & P. Ry. v. Rector, 104 Ill. 296.

They do not so read.   They inform the jury that such damages may be given, but there is no intimation that, in any view of the case, plaintiff may claim it as a matter of right.

Finding no error in the record, we are constrained to affirm the judgment.

*Judgment affirmed.*