## CHICAGO & ALTON RAILROAD COMPANY
## v.
## JOHN M. DILLON.

24 203
70 466
24 203
106 ³509

*Railroads—Collision at Highway Crossing—Practice—Evidence—Comment by Counsel on Former Verdicts—Instructions—Comparative Negligence—Signals—Sec. 68, Chap. 114, and Sec. 1, Chap. 121, R. S.*

1. In an action against a railroad company to recover damages caused by a collision at a highway crossing, it is *held:* That witnesses for the

plaintiff were properly permitted to testify that they could have heard the bell or whistle if rung or sounded; that it does not appear from the record that the action of counsel for plaintiff in commenting on former verdicts was improper; that there was no error in giving and refusing instructions; that the jury were justified in finding that the place of the injury was on a public highway, and that a failure to give the required signal was statutory negligence; that the questions of fact as to the negligence or comparative negligence of the parties were properly submitted to the jury; and that the finding on said questions is supported by the evidence.

2.   It is not error to refuse instructions which correctly state rules of law applicable to the case, when said rules are fully stated in other instructions given at the instance of the same party.

3.   The application of Sec. 68, Chap. 114, R. S., requiring signals at public highways, is not limited to the roads defined to be public highways in Sec. 1, Chap. 121, R. S.

[Opinion filed September 10, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. LUKE H. HITE and BROWN & KIRBY, for appellant.

Whether the bell or whistle was in fact sounded was a question of fact to be found by the jury and it was not for the witnesses to give opinions or conclusions.   Hopkins v. I. & St. L. R. R. Co., 78 Ill. 32; C. & N. W. R. R. Co. v. Moranda, 108 Ill. 576; Pennsylvania Co. v. Conlan, 101 Ill. 93.

It was improper to submit to the jury the question whether Avenue F was or was not a public highway, which is a question of law, without defining to the jury what constitutes a public highway.   Forbes v. Ballenseifer, 74 Ill. 183, 187.

There was no evidence legally competent to show Avenue F to be a public highway.   McIntyre v. Storey, 80 Ill. 127.

The instruction on comparative negligence is inaccurate in stating that though the plaintiff may have been guilty of "some" negligence, which is comprehensive enough to embrace gross, ordinary and slight negligence, yet he might recover if defendant's negligence was gross and his slight.   If that "some" negligence of plaintiff was "gross" or "ordinary," it was error to submit the proposition in that form to the jury.

C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; C., B. & Q. R. R. Co. v. Dougherty, 12 Ill. App. 181; U. R. & T. Co. v. Kallaher, 12 Ill. App. 400.

"When danger is actually known or apparent to ordinary observation, or reasonably to be apprehended, proof of positive or special care must be made to warrant a recovery." C., B. & Q. R. R. Co. v. Olson, 12 Ill. App. 255; N. P. R. R. Co. v. Heileman, 49 Pa. St. 60; P. R. Co. v. Beale, 73 Pa. St. 504.

"On approaching a railroad a traveler must use his eyes and ears, and must avoid danger, if he can, notwithstanding the negligence of the company." Henze v. St. L., K. C. & N. R. R. Co., 71 Mo. 636; Purl v. St. L., K. C. & N. R. R. Co., 72 Mo. 168; Pa. Co. v. Rudel, 100 Ill. 603; C. & N. W. R. R. Co. v. Hatch, 79 Ill. 137.

Neglect to sound a whistle or ring a bell is not such neglect as will authorize a recovery of itself; but it must be shown by the evidence that the injury was the result of such negligence. I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; I. C. R. R. Co. v. Benton, 69 Ill. 74; C., B. & Q. R. R. Co. v. Notzki, 66 Ill. 455; C., B. & Q. R. R. Co. v. Damerell, 81 Ill. 450.

The conclusion from all the cases is, that if one goes upon a track without taking the necessary precautions to ascertain whether there is an approaching train or not, he is guilty of gross negligence, and he can not recover. N. P. R. R. Co. v. Heileman, 49 Pa. St. 60–64; P. R. Co. v. Beale, 73 Pa. St. 504. See, also, C., B. & Q. R. R. Co. v. Olson, 12 Ill. App. 255; C., B. & Q. R. R. Co. v. Dougherty, 12 Ill. App. 181; U. R. & T. Co. v. Kallaher, 12 Ill. App. 400.

Messrs. W. H. BENNETT and DILL & SCHAEFER, for appellee.

The witnesses were properly permitted to testify that if a bell had been rung they would have heard it. P., P. & J. R. R. Co. v. Stiltman, 88 Ill. 529.

In addition to this, there were seven witnesses who were present and saw the collision, and swear positively that no bell was rung nor whistle blown.

The instruction on comparative negligence is an exact and literal copy of the instruction in the case of City of Chicago v. Stearns, 105 Ill. 554, which is expressly approved by the court. See, also, C. & A. R. R. Co. v. Johnson, 116 Ill. 206.

The refused instructions contain no principle of law applicable to the case that had not already been given over and over again.

It is not error to refuse instructions which in substance have already been given. Hessing v. McCloskey, 37 Ill. 341; Wood v. Clark, 21 Ill. App. 464; Smith v. Taggert, 21 Ill. App. 538; Stephenson v. Morrissey, 22 Ill. App. 258.

The question of negligence and comparative negligence is one of fact for the jury, and the finding will not be disturbed except in a clear case. Haworth v. G. W. R. R. Co., 39 Ill. 346; Hillmer v. R., R. I. & St. L. R. R. Co., 72 Ill. 235; Gillis v. I. C. R. R. Co., 68 Ill. 317; Schmidt v. C. & N. W. R. R. Co., 83 Ill. 405; Hetherington v. I. C. R. R. Co., 83 Ill. 510; O'Connor v. T., W. & W. Ry. Co., 77 Ill. 391; Lee v. C., B. & Q. R. R. Co., 87 Ill. 454.

The place where appellee was hurt was a highway crossing. It was not only dedicated as a highway, but it had been used and treated as such for more than ten years at the time of this injury. McIntyre v. Storey, 80 Ill. 127. It was a numerously traveled crossing, the most numerous (except one) in the county. It was known to the public as a highway, and treated by the railroads as such. They rang the bells and whistled when approaching it.

WILKIN, J. This was an action on the case brought by plaintiff below to recover for a personal injury, and damages sustained by injury done to his horse and wagon through the alleged negligence of appellant's engineer and fireman in failing to ring a bell or sound a whistle at a public road crossing as required by statute.

The injury occurred at the national stock yards at East St. Louis on a road called "Avenue F." Appellee was driving north and about to cross the railroad track when a locomotive of appellant struck his horse and wagon, killing the horse and

C. & A. R. R. Co. v. Dillon.

destroying the wagon, and also severely injuring him. On the west side of the avenue, south of the railroad track and in the angle formed by the two, was a building near to both the avenue and the track, and so obstructing the view, that neither appellee nor the engineer on the locomotive could see the other, nor could appellee see the locomotive until very near the crossing, and it is clear from all the proof that neither did see the other until about the moment of the collision. Three trials have been had in the Circuit Court, each resulting in a verdict for appellee, and the case is before us on a second appeal by defendant below. At our August term, 1885, we reversed a judgment of the Circuit Court for errors in instructions. The evidence then before us and that in the present bill of exceptions is substantially the same, and the error now urged as ground for reversal, going to the substantial merits of the case, were also urged and considered on the former hearing. Our opinion then filed is reported in 17 Ill. App. 355. Having now decided to affirm the judgment, it would be unprofitable to do more than briefly state our reasons for so doing.

Witnesses having testified that they were near the crossing at the time of the accident, stated that they heard no bell or whistle. They were then allowed to answer, over objections by appellant, the question, "state if you could have heard one if it had sounded?"

Whether the ruling of the learned Judge presiding at the trial, as to the competency of the question, conformed to the better rule or not, we think it is sustained by the decision of our Supreme Court in Pennsylvania Co. v. Boylan, 104 Ill. 595, and there was no error in overruling the objection.

In the bill of exceptions this statement appears: "James M. Dill, attorney for the plaintiff, in the closing argument to the jury, referred to the former verdicts of $875 and $4,000, to which counsel for the defendant objected." What ruling, if any, the court made upon the objection does not appear. Appellant asked the court to instruct the jury that the comments of counsel in the closing argument, wherein he referred to former verdicts, were improper and should not be considered by the

jury, and that the jury should not, in any respect, be influenced by what former verdicts may have been, which was refused. It is now earnestly insisted that there was such misconduct on the part of counsel in commenting on former verdicts rendered in the case as to greatly prejudice its rights, and that such conduct taken in connection with the refusal of the court to instruct the jury as asked with reference thereto, should be held such error as to reverse the judgment. There is nothing whatever in the bill of exceptions to indicate the connection in which the former verdicts were mentioned, nor from which we can determine the object or motive with which the reference was made. All that counsel is shown to have said may have been perfectly proper and said in such connection as to render it harmless to appellant; it might, on the contrary, have been highly improper, and if said in such connection and with the purpose of influencing the jury to render a similar verdict to those referred to, it was improper, and the instruction asked should have been given. With the information furnished us by the record, we can not say that the Judge, who heard all that was said in the argument on both sides, knew what elicited the comments, etc., erred in holding the reference not improper as we must presume he did in refusing to give the instruction.

But three instructions were given on behalf of plaintiff below, and they are each criticised by counsel for appellant as tending to mislead the jury. We find no substantial error in either of them, and while, perhaps, more apt language might have been used to express the legal propositions announced by them, we can not believe that, taken in connection with the voluminous and liberal instructions given on behalf of appellant, the jury could have been misled as to the law of the case.

It is also urged that certain refused instructions, other than the one previously referred to, should have been given, as asked by appellant. As already stated, the court did fully instruct the jury on every theory of appellant's defense, and, as we think, construed the law most liberally in its favor.

The rules of law applicable to the case, correctly stated in the refused instructions, were announced to the jury in those

given, and we think the refusal of those so marked was proper.

The position that "Avenue F" is not a public highway within the meaning of the statute requiring signals, is not tenable under the evidence of the case. It is shown to have been open to and used by the public as a road for more than ten years. It was one of the most public roads in the County of St. Clair, so far as it could become so by general use and recognition.

Appellant's employes, as well as those of all other railroad corporations using the various tracks in the stock yards, treated it as a public highway, and, as they swear, habitually gave the signals. It could not have been the intention of the Legislature that Sec. 68, Chap. 114, R. S., requiring signals at public highways should only apply to roads defined to be public highways in the first section of the chapter on roads and bridges. We think the jury was fully justified by the proofs, under the instructions of the court, in finding that the place of the injury was on a public highway, as alleged in the declaration, and a failure to give the required signal, statutory negligence.

The questions of fact, as to whether or not appellant was guilty of negligence, and appellee in the exercise of due care at the time of the injury, or on the doctrine of comparative negligence, whether or not appellant was guilty of gross and appellee only of slight negligence, seem to have been fairly submitted to the jury.

We can not say that the finding on those questions in favor of appellee is so far unsupported by the evidence as to make it our duty to set it aside by a reversal of the judgment. The fact that repeated trials of the case have already been had with like results can not be ignored in this decision, and on the whole record, as it now appears, we are of the opinion that the judgment should be affirmed.

*Judgment affirmed.*