## Illinois Central Railroad Company v. H. H. Batson, Adm'r.

1. INSTRUCTIONS—*Care in Running Trains Over Highway Crossings.*—In a close case, upon the question of negligence and ordinary care, it is error to instruct the jury that the deceased, in approaching and crossing a public thoroughfare, had a right to suppose and presume that a train of cars passing over such thoroughfare would be run with caution and due regard to the safety of persons passing along the same.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presid-

ing. Heard in this court at the August term, 1896. Reversed and remanded. Opinion filed March 3, 1897.

WILLIAM H. GREEN, attorney for appellant; JAMES FENTRESS, of counsel.

A. S. CALDWELL and R. J. McELVAIN, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Main street runs east and west in Carbondale and is crossed near the heart of the city by appellant's road, which consists of three tracks at that point, the house track, the passing track and the main track, naming them in order from the west. Irvin C. Batson, the deceased, an active, intelligent man, sixty-three years of age, had lived in Carbondale for many years, and was familiar with the road and its surroundings at and near Main street, and knew that much freight was handled and much switching done by the railroad company at that place.

At about nine o'clock on the morning of June 5, 1895, Batson had occasion to pass from the west to the east side of the tracks on Main street. The local freight, which had been engaged in switching cars, was backing north on the passing track over Main street, for the purpose of coupling to the caboose, when Batson stepped in front of the train and was run over and killed. The train when backing from the south was in full view, and would have been seen by Batson if he had looked in that direction. Before going upon the track he passed others who were standing near the track and whose manner was such as to indicate that they were waiting for a train to pass. But neither the attitude of these persons nor the shouts of the trainmen, warning him of his danger, sufficed to arrest his progress or cause him to look up and down the track for approaching to trains.

The reason given for this strange conduct is that a long

freight train was passing south on the main track at the time, and that Batson was watching this train to see when the caboose would clear the street. In answer to this, it is claimed by appellant that the train on the main track had cleared the street before appellant stepped upon the passing track.

It is not necessary for us to enter into the discussion of this question, however, or to consider the evidence in the case further at this time. Enough has been said to show that the question as to whether or not Batson was in the exercise of ordinary care when he was killed is a very close one, and that the jury should have been accurately instructed upon this important branch of the case. Wabash, St. L. & P. Ry. Co. v. Rector, 104 Ill. 296. See also I. C. R. R. Co. v. Sanders, 58 Ill. App. 117, and authorities cited near the close of the opinion.

The third instruction, given at the request of appellee, tells the jury that if Main street was one of the most public thoroughfares in Carbondale, Batson, in approaching and crossing the tracks, had a right to suppose and presume that the train passing over said street would be run with caution and with due regard to the safety of persons passing along the street. If this is the law, then it was impossible for Batson to be guilty of negligence. The instruction does not contemplate an act done in a fit of abstraction, or under circumstances sufficient to divert the attention of an ordinarily careful person from impending danger. To suppose or to presume anything is to think of it, to consider it, to make up one's mind on the subject. If Batson had the right to presume that there was no danger, then he was under no obligation to exercise any degree of care whatever for his safety.

But appellant is not liable unless Batson was himself in the exercise of ordinary care when he was killed; and this does not depend upon a right to presume that there was no danger, but upon all the facts and circumstances of the case which tend to show that Batson was or was not exercising that degree of care which an ordinarily prudent person, sim-

ilarly situated, would have exercised.  C. & A. R. R. Co.
v. Sanders, 154 Ill. 531.

The language of the court in W. St. L. & P. Ry. Co. v.
Wallace, 110 Ill. 114, is especially pertinent in this connec-
tion: "In this case both parties knew that the place where
the accident occurred was more than usually hazardous, and,
knowing that fact, both parties were under the duty of
using more caution than at ordinary crossings."

For the error pointed out, the judgment is reversed and
the cause is remanded.