THE PEORIA, PEKIN AND JACKSONVILLE RAILROAD CO.

*v.*

GERHARDT H. SILTMAN.

| 88 | 529 |
| 123 | 577 |
| 23a | 502 |
| 88 | 529 |
| 39a | 85 |
| 88 | 529 |
| 157 | 413 |
| 157 | 600 |
| 88 | 529 |
| 172 | 533 |
| 88 | 529 |
| 106a | 493 |

NEGLIGENCE—*failure to ring bell or sound whistle.*  Where a railway company, in running a wild train, on approaching a highway crossing, fails to give the statutory signal by sounding a whistle or ringing a bell, at a place where the view of the approaching train from the crossing is obstructed by timber and heavy foliage, this will establish a right of recovery against the company for an injury received by one while attempting to cross the railroad with his team, in favor of such injured party.

APPEAL from the Circuit Court of Fulton county; the Hon. C. L. HIGBEE, Judge, presiding.

Messrs. DEARBORN & CAMPBELL, for the appellant.

Mr. E. A. WALLACE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the former appeal, the judgment which plaintiff had recovered against defendant was reversed on account of instructions given that it was thought might have misled the jury; but the merits of the case were not discussed, nor were the rights of the parties adjudicated. On the remandment of the cause a trial was again had upon instructions which we deem sufficiently accurate, and all were given that could in any manner elucidate the case, or in any way assist the jury in arriving at a just conclusion. More instructions were asked by both parties than the nature of the case required, and those refused

contain little else than a useless repetition of what was embodied in those given.

As was said in the former opinion, the case is very close, on the evidence, as to the right of recovery, but the finding of the facts by the jury must be regarded as sustaining plaintiff's cause of action. The basis of recovery on the last as well as the first trial is, the failure on the part of the employees of the railroad company to perform the statutory duty of ringing a bell or sounding a whistle upon the locomotive before coming to the highway crossing. On this question evidence was given on both sides, and we may add to what we previously said, it is so contradictory as to be irreconcilable.

Reference to the topography of the locality where the accident occurred may assist in obtaining a clear understanding of the case. The road on which plaintiff was driving his team runs north and south, and the company's railroad runs in the same general direction, but not exactly parallel, and crosses the highway obliquely. Plaintiff was driving south on the wagon road, and the train that collided with his wagon came also from the north, and running south, but bearing slightly to the west. Between the wagon road and the railroad track, and for some distance north of the crossing, there was a body of timber with a heavy foliage. Exactly how near the crossing the timber was, and what obstruction it caused to any view of a train coming from the north, are questions left in doubt by the evidence. With plaintiff there were four other persons, all driving teams in the same direction, and all quite near together within a few yards of each other. All of them passed over the crossing in safety, but plaintiff, as he came upon the track, was struck by the locomotive driven on defendant's road, and was so seriously injured by the collision that he has now no recollection of anything that took place at the time he was hurt. He can give no account of the transaction, and never has been able to do so since the accident.

All the persons that drove over the crossing immediately before plaintiff, were examined as witnesses, and it is a singu-

lar fact that not one of them either saw or heard the coming train. It was a still, bright, clear day, in the month of August, at about the hour of eleven o'clock in the forenoon. The road on which they were driving was sandy, and their wagons were all loaded with stone, so that they made but little, if any, noise. Every one of these several witnesses is positive he could have heard it had the bell been rung or the whistle sounded. Other witnesses were in the immediate vicinity of the crossing, and they say they heard no bell or whistle. Two of them—a man and a woman—were traveling on the highway, and when they came near the crossing, they stopped to listen for coming trains, and they both testify they heard neither bell nor whistle until the instant the crash of the collision was heard. There was nothing to prevent these several witnesses from hearing the advancing train, had the bell been rung or the whistle sounded, and their testimony seems to be equivalent to positive evidence as to the facts about which they testify.

On the other hand, there is the positive testimony of the roadmaster, who was on the engine of the train that collided, that he himself rang the bell, and kept it ringing for the distance prescribed by the statute before reaching the highway crossing, and that the engine-driver sounded the whistle the usual distance from the crossing. Corroborative of his testimony is that of the engine-driver, the fireman, and perhaps that of one other person, an employee on the train.

Under the conflicting testimony presented, it was certainly the province of the jury to find which was the better evidence and most worthy of belief. The law has made that the duty of the jury, and an appellate court ought not to interfere to disturb their finding of facts upon conflicting evidence, except where it becomes necessary to do so to prevent palpable injustice in cases where it is manifest the finding is the result of passion or prejudice. That is not the case here. It may be admitted the case is a close one, on the evidence, as to

plaintiff's right to recover, and for that reason some considera-
tion is due the finding of the jury.

The train that collided with plaintiff's wagon was what is
called a "wild train," and was loaded with railroad ties. It
was following close upon the passenger train, going in the
same direction, that had passed that point about a half an hour
before. A number of the witnesses examined in this case
remember distinctly that they heard both the bell and whistle
on the passenger train, at the usual distance from the crossing.
Some of the teamsters with plaintiff also heard the passenger
train when it passed. These facts tend, in some degree, to
strengthen the theory upon which the recovery was had, that
the employees of defendant, in this instance, failed to give the
signals which the law made it their duty to do before coming
to the highway crossing.

Conceding it was here, as the jury have found, that defend-
ant's servants omitted to give the usual signals when approach-
ing the crossing, it was gross carelessness under the circum-
stances proven. The railroad, as we have seen, at this point
ran nearly parallel with the wagon road, and crossed it
obliquely. There was timber with heavy foliage between the
track and the wagon road, that prevented persons traveling
south on the highway seeing a train that might be coming
from the north for any considerable distance. Being thus
prevented from seeing approaching trains, it was all-important
to persons traveling on the highway that the company's em-
ployees should cause the usual signals to be given to apprise
such persons of the danger they were liable to encounter.

The position taken, that plaintiff had stopped his team, and
then suddenly attempted to pass before the train, is not sus-
tained by the evidence. The witness who thought he saw the
team standing by the side of the road, near the track, may
have been honestly mistaken. It will be remembered he was
on the locomotive, which was moving at a very high rate of
speed in the same direction with the team plaintiff was driving,
and he may have thought it was standing still when it was

moving slowly, on account of the condition of the road and the weight of the load his team was drawing.

It seems hardly possible so many persons could pass over the crossing just in advance of plaintiff, and not one of them hear the signals of danger, if any were given. If sounded at all, they must have been sounding while they were in the act of crossing, and it would be most singular if so many persons would be so reckless of their personal safety. All of them did hear both the bell and the whistle an instant before the collision occurred, but not before.

Upon the whole evidence, it was eminently a case for the consideration of the jury, and conceding the correctness of the finding, as we must do, the right of plaintiff to recover under the law is established, and the judgment must be affirmed.

*Judgment affirmed.*