### City of Elgin v. Hilda Anderson.

1. PERSONAL INJURIES—*Evidence of Existing Attendant Circum-stances.*—In an action for personal injury it is competent to prove the existing circumstances attendant upon the injury, even though not averred as negligence in the declaration.

2. EVIDENCE—*What is Admissible Under Allegations of Loss of Employment.*—Where the declaration in a personal injury suit alleges loss of employment, plaintiff may prove what her business was and what she was earning at the time of the injury.

3. STATUTE OF LIMITATIONS—*When Pleaded to Amended Counts.*—Where the statute of limitations is pleaded to an amended declaration, a demurrer thereto is properly sustained if the amended declaration is but a re-statement of the cause of action set up in the original declaration.

**Action for Personal Injuries.**—Appeal from the City Court of Elgin; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

CHARLES H. FISHER and J. M. MANLEY, attorneys for appellant; R. N. BOTSFORD, of counsel.

J. A. RUSSELL and R. S. EGAN, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In the spring and summer of 1894, the city of Elgin improved Prospect street between two certain blocks. It first cut down that part of the street traveled by teams, leaving the east side where the sidewalk was, over which foot passengers traveled, considerably higher. The north half of the block east of the excavation was owned by Sharples and the south half by Wilcox. In May, so much of the embankment as was in front of the Sharples prop-

erty was cut down, leaving a fall of four to six feet from the wooden sidewalk in front of the Wilcox property to the like space in front of the Sharples property where a concrete sidewalk was put in. The plaintiff, named Freda Anderson in the several declarations, and Hilda Anderson in the rest of the record, had a home south and west of these premises. She was by occupation a cook, and was then engaged at a summer resort in Wisconsin. She came home a day or two before the accident here litigated, and was ignorant of the excavation. About ten or eleven o'clock of the evening of August 6, 1894, she discovered a dwelling house southeast of her home and on the street east of Prospect street was on fire, and started for the residence of Sharples to have him telephone an alarm to the fire department. She passed along the east side of Prospect street on the sidewalk. There was a grove of trees on the Wilcox and Sharples properties, making the street there dark. When she came to this deep cut she did not see it but walked right on and fell, receiving several severe injuries to her left leg from the knee down. She had to be assisted home; her leg and ankle became badly swollen and black and blue; she had a physician several times; was laid up entirely about three weeks and then walked on crutches for some time, and was obliged to wear a large slipper till Christmas, being unable to wear an ordinary shoe. She suffered much pain, and at times still suffers pain, and at times has to resume wearing a slipper or large shoe. She and her husband had at the time of the accident an engagement at a summer hotel in Wisconsin for the months of August, September and October, at $75 per month, of which sum by agreement between herself and her husband she was to receive $40 per month. She brought this suit on November 10, 1894, to recover damages for said injury, and on a third trial recovered a verdict and a judgment for $329, from which defendant appeals.

Not far from the time of the accident, shoulders were cut in the clay bank, at the place in question, and seven plank steps five feet long were placed on said shoulders, making a stairway, without any guard rails, by which the public could

pass between the higher and lower sidewalks. The city contended these steps were in before the accident, and plaintiff that they were put in soon after, though her original declaration charged they were in before. There was a sharp conflict in the evidence on this subject, which is not strange, as the first trial was four and a half years after the accident. The man who built the steps testified he built them after and because of the accident to plaintiff. We would not be warranted in disturbing the conclusion of the jury upon that subject.

It is argued the court erred in permitting plaintiff to prove there was no light or barricade at that place, there being no charge in the declaration that defendant was negligent in not providing a light or erecting a barricade. Plaintiff could not recover because of the absence of a light or a barricade, but the proof was competent because it was proper to describe the exact condition of things at the time and place of the accident, and because this proof had a bearing upon the question whether plaintiff was exercising due care to avoid injury, as averred in the declaration. The absence of light and a barrier, about which latter there was a conflict in the evidence, were part of the "existing circumstances attendant upon the injury," which may always be shown, as held in C. & I. R. R. Co. v. Lane, 130 Ill. 116, and N. Y. C. & St. L. R. R. Co. v. Luebeck, 157 Ill. 595, where proof of the absence of flagmen and gates was permitted, though such absence was not charged as negligence in the latter case, and they were not required by any ordinance in the former. It is argued that the court erred in permitting plaintiff to detail in rebuttal a conversation she had with Mrs. Sharples the day after the injury, which slightly tended to contradict the testimony given by Mrs. Sharples. As the attention of Mrs. Sharples was not drawn to this conversation by proper cross-examination, it was improper to admit it; but the court afterward excluded all that Mrs. Sharples said in that conversation, and this cured the error; and there was nothing in the conversation seriously harmful to defendant.

It is argued that proof of plaintiff's employment at $40 per month at a summer resort at the time of the injury was incompetent. The original declaration averred that at said date and for a long time prior thereto plaintiff was a professional cook and had steady employment at her said business and earned a large monthly income therefrom, to wit, $100 per month; that in consequence of the injury she was obliged to and did abandon a permanent occupation which she then had in her said business, and she thereby lost a large sum of money, to wit, $500. The amended declaration made like allegations, in similar language, but stated her monthly earnings at $75 per month. Plaintiff did not state on direct examination what became of her engagement after the injury, nor show how much she lost as the result thereof, nor that she lost anything. All she proved was what she was earning at that time, and not what she lost. On cross-examination defendant went into the subject of her employment after the injury, and thereby inferentially showed she did not resume her engagement at the summer hotel. Defendant can not complain of what it chose to draw out. We think the proof the plaintiff offered on this subject was admissible under the declaration. Village of Chatsworth v. Rowe, 166 Ill. 114; C. & E. R. R. Co. v. Meech, 163 Ill. 305.

It is argued the verdict is excessive. At a former trial plaintiff recovered only $125, but defendant asked for and obtained a new trial, and in view of the character and extent of the injury shown by the proof, and after three trials, we can not interfere with this verdict on that ground.

The original declaration was filed December 12, 1894. On October 23, 1899, over five years after the injury, plaintiff filed an amended declaration, to which defendant pleaded the general issue and the two year statute of limitations; a demurrer to the latter was sustained. Defendant claims the cause of action stated in the original declaration was the improper construction of the steps; that the amended declaration brought in a new cause of action, namely, the deep excavation, and that the court erred in sustaining the

City of Elgin v. Anderson.

demurrer to the plea. The original declaration charged that the defendant negligently suffered the street at the sidewalk on its east side " to be and remain in bad and unsafe repair and condition, that is to say, at said point the ground descended abruptly to the north, and the city caused, permitted and allowed certain steps to be built and constructed for the purposes of travel on and along said street and over said point, and said steps at said point were improperly constructed, and so made as to render travel on, along and over said point to be unreasonably unsafe and dangerous." But this declaration further on alleged that the city "permitted and allowed the said street to be and remain in an unreasonably unsafe condition for an unreasonably long period of time;" and still again it charged that plaintiff, while passing along said street, and using due care, "stumbled and fell, and in consequence of, and by reason of, the unreasonably unsafe and dangerous condition of said street, and the improper and unsafe construction of the said steps at the point in said street, was thrown down said embankment," etc. We conclude not only that the portion immediately following the words "that is to say" in the part first above quoted specified both the improper construction of the steps and the abrupt descent of the ground to the north as the respects in which the street was in bad and unsafe repair and condition, but also that the declaration further on alleges as the cause of the injury both the unreasonably unsafe and dangerous condition of the street and the improper and unsafe construction of the steps. Under such an allegation, an amendment which set out more in detail the abrupt descent of the ground to the north, or specified more fully how the street was in an unreasonably unsafe and dangerous condition, would be but a restatement of the cause of action set out in the original declaration, and the statute of limitations would be no defense. The city could have had a bill of particulars, specifying the details in which it was claimed the street was unreasonably unsafe and dangerous, if it had desired. The amended declaration charged that defendant negligently suffered the

pathway and sidewalk on the east side of prospect street "to become and be and remain in a bad, dangerous and unsafe condition by allowing and permitting said sidewalk and pathway to become in a rough, broken and uneven condition, and by making and allowing deep excavations to be made therein, without causing or permitting any proper approaches or steps to or from such excavation to be made or provided, whereby said street became and was unsafe and dangerous," etc.    We conclude the charge concerning the deep excavation is but a restatement of the original allegation that at said point the ground descended abruptly to the north, and a further specification of the general charge originally made of the unreasonably unsafe and dangerous condition of the street.    The judgment is therefore affirmed.