### Peter Brzozowski v. National Box Company.

1. PRACTICE— *Question Whether an Interpreter for a Witness Should be Called.*—Whether or not an interpreter for a witness should be called is, under the authorities, a matter necessarily vested in the discretion of the court, and a court of review should not interfere with this discretion unless it is clear that there has been an abuse of it.

2. SAME—*Improper Remarks of Counsel.*—Where the remarks of counsel are ruled to be improper, not being based upon evidence in the case, and are calculated to have a prejudicial effect upon the defendant, it is proper and sufficient for the court, by pointed rebuke of counsel, so far as it can, to remove any improper effects from his statement, and to state that there is no evidence on which to base them.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed December 11, 1902.

Statement.—Appellant brought suit against appellee to recover for injuries alleged to have been caused April 2, 1900, by the latter's negligence in failing to furnish appellant, its employe, with safe appliances with which to do his work. The plea was the general issue. A trial before the court and a jury resulted in a verdict of not guilty and judgment thereon, from which the plaintiff has appealed.

The declaration, in substance, charges that while plaintiff was employed in removing certain heavy iron plates and

rods from a building, at the direction of defendant, the latter furnished a wooden chute, made of plank twenty feet long, twelve inches wide and two inches thick, on each side of which plank was nailed a board one inch thick and four inches wide; that the chute extended from a second-story window of the building to the ground, and was used for sliding iron plates and rods from said window to the ground; that said chute was not constructed so as to be reasonably safe, and while plaintiff was attempting to remove therefrom a certain rod or piece of shafting, the chute broke apart, causing said shafting to fall therefrom upon plaintiff's foot, thereby causing the injuries sued for; that plaintiff had no knowledge of the defective condition of said chute or the construction thereof, but the defendant did have knowledge of its negligent construction, and that it was insufficient to sustain the weight to which it was subjected.

Among other instructions given for the defendant were the following :

"The court instructs the jury, as a matter of law, that the common master or employer is not liable to an employe or servant for injury or damage sustained by such servant through the negligence of a fellow-servant; and in this case if you believe from a preponderance of the evidence that the injury complained of by the plaintiff was caused solely by the negligence of his fellow-servant or fellow-servants as defined in these instructions, then the plaintiff can not recover, and you should find the defendant not guilty.

" The court instructs the jury, as a matter of law, that where two or more men are employed by the same master in the same line of employment, and are actually co-operating with one another in carrying on a certain work, and their duties are such as to bring them into habitual consociation with each other, so that they may exercise an influence over each other promotive of proper caution, then such workmen are fellow-servants, and if one of them is injured through the negligence of the other, the common master is not liable for such injury.

" If you believe from a preponderance of the evidence in this case that the plaintiff was injured solely through the negligence of a fellow-servant, as above indicated, then you are instructed to find the defendant not guilty."

MORSE IVES and ERNEST KRIEG, attorneys for appellant.

PAM, CALHOUN & GLENNON, attorneys for appellee; ALBERT E. DACY, of counsel.

MR. JUSTICE WINDES delivered the opinion of the court.

The first claim of appellant is that the court erred in denying an interpreter for one of plaintiff's witnesses, Joe Hillburger. It appears that Hillburger is a Pole, and he claims that he could not speak English. When called to the stand he was asked his name, and where he worked, and answered. He was then asked, " Are you still employed by the National Box Company?" to which he replied, " No, I can't speak English; " and on being further questioned by the court answered other questions which show a knowledge of the English language; but when asked further different questions, quite as simple as the ones he had answered, he replied, " I can't speak English," and persisted in this statement. The court then directed another witness to be called, but counsel for plaintiff suggested that he had a right to have an interpreter, to which the court replied : " As soon as the court becomes convinced that he doesn't understand we will call an interpreter, but I have not got that far. He was doing very nicely, and all at once stopped." Thereupon plaintiff's counsel asked a few further questions, one of which the witness answered, but to the others he said, " I don't know what you say. I can't speak. I am Polok." Counsel for the plaintiff then said he wished to make an offer of what he would prove by his testimony, to which the court replied, " We will consider that if he would talk it would be in substance as that given by the last witness," and then stated in effect the same that has been above quoted from the language of the court, and directed the stenographer to read the several questions asked the witness and his answers thereto. The court made no further ruling, and plaintiff's counsel offered to put another witness on the stand to prove Hillburger's knowledge of English, but the court ruled that this was not proper practice, and stated (referring to the wit-

ness), " I am fully convinced that he is not acting in good faith." Nothing further occurred with reference to this witness, except that counsel saved an exception to the court's ruling in refusing counsel's offer to call a witness to prove Hillburger's knowledge of English. No interpreter was called, nor does it appear that one was in court, nor did plaintiff's counsel make any further effort to get the witness to testify in English.

Whether or not an interpreter for a witness should be called is, under the authorities, a matter necessarily vested in the discretion of the court, and a court of review should not interfere with this discretion unless it is clear there has been an abuse of it. R. R. Co. v. Shenk, 131 Ill. 283; State v. Burns, 78 N. W. Rep. 681 (Ia.); People v. Young, 41 Pacific Rep. 281 (Calif.); 17 Am. & Eng. Ency. 29 (2d Ed.), and cases cited.

It does not appear that plaintiff could not have established by other evidence anything that might have been testified to by this witness. It also fails to appear that an interpreter was called or that one was in court, or that the court, at any time, refused to allow one to be called; nor did plaintiff's counsel at any time attempt to state what he expected to prove by the witness. In view of these facts and the further consideration that the court saw the witness, could observe his demeanor and conduct on the stand and the manner in which he answered the questions that he did answer, we are not prepared to hold that there was any abuse of discretion shown by any of the court's rulings regarding this witness.

It is also contended that certain remarks made by the court were improper and prejudicial to the appellant. It appears from the evidence, on cross-examination of some of the defendant's witnesses, that soon after the accident appellee took statements in writing from its witnesses, as to one of which statements the witness testified that his testimony in the case was the same as in the statement. Plaintiff's counsel in addressing the jury as to the credibility of these witnesses because of the fact they had signed statements, among other things said:

" The sum and substance of the proposition, not in words, but in fact—the sum and substance of the proposition that was presented to those witnesses was :   Here is a statement for you to sign; sign it.   You don't need any explanation as to what would happen, but I will leave it to any one of you what would happen if they didn't sign it.   That is the confidence that they have in their own witnesses."

An objection was made to this argument and the court was requested to reprimand counsel.   The court ruled that the line of argument was improper, and that there was no evidence to support the statement of counsel.   The court, among other things, said (to which an exception was preserved):

" It is not a proper thing to do, in this case in particular. You don't know, gentlemen, and the reason why the court says so is this :   It is well known that in this county it takes a long while between the time an accident happened and the time suit is brought, and the time when it is ready for trial; and it is the proper way for all parties, whether on one side or the other, to get their witnesses before that and take their statements, if they are true, and put that down in writing, so that a year or two later they may be reminded in that way what happened at the time of the accident.   That is what the court means."

We are of opinion that the court's ruling was correct, that there was no evidence to justify the statement of counsel.   There was no evidence whatever that the statements or either of them were signed by the witnesses or either of them, because of any compulsion, direct or indirect, by their employer, as is clearly intimated by the statement of counsel, or that the employer had ordered the witnesses to sign statements, or that the statements were required to be signed because of a lack of confidence in the witnesses. We see no cause for reversal in the court's remarks in explanation of its ruling, though we think they might well have been omitted.

The remarks of plaintiff's counsel, which the court ruled to be improper, not being based upon evidence in the case, were calculated to have a prejudicial effect against appellee, and while it was proper for the court, by pointed rebuke of

counsel, so far as it could, to remove any improper effects from his statement, we think it was sufficient for the court to have stated that the remarks were improper and that there was no evidence on which to base them. Ry. Co. v. Cotton, 140 Ill. 486–503; Ry. Co. v. Johnson, 116 Ill. 206–10; R. R. Co. v. Luebeck, 157 Ill. 595–602.

A further claim is made that the court erred in giving instructions upon the question of fellow-servant, because, it is said, that question was not in the case. It is true that was not the theory of the plaintiff's case, though the declaration alleges that the acts complained of were not the result of any negligence or fault of any fellow-servant or co-laborer of plaintiff; but it is true that the evidence tends to show that the plaintiff was injured because of the acts of two servants of the defendant, who were at the time in question aiding the plaintiff in removing the piece of shafting which caused the injury. The court instructed the jury fully upon the theory of plaintiff's case, viz., that the injury was the result of a defectively constructed chute, and it was entirely proper for the court to instruct with regard to one of the theories of the defense, viz., that the injury resulted from the negligence of plaintiff's fellow-servants.

It is also said that these instructions practically told the jury that if they found that the two men at the other end of the chute, that is, the end at the second story of the building, were fellow-servants of the plaintiff, there could be no recovery. We think the instructions are not subject to this criticism, and it was made plain to the jury by another instruction given by the court, that the alleged fellow-servants referred to were the two who were assisting the plaintiff in lifting the shafting at the time he was injured. There was no evidence that the men at the other end of the chute were fellow-servants of the plaintiff, nor does it appear from the record that there was any such contention by appellant's counsel.

As to whether the accident occurred by reason of the alleged defect in the construction of the chute, there is a

conflict in the evidence, and the verdict of not guilty on this issue is amply sustained by the evidence.

Being of the opinion that there is no reversible error in the record, the judgment of the Superior Court is affirmed.