## Meyer Coleman Barnett, Appellee, v. Chicago City Rail= way Company, Appellant.

## Gen. No. 16,112.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the evidence where it is not clearly and manifestly against its weight.

2. EVIDENCE—*when as to ringing of bell competent.* The question being, "Did it ring before that?" an answer as follows, "No, if it had I would have heard it, but I did not hear it," is competent though not responsive, and in the absence of a specific motion to strike for irresponsiveness the answer is properly allowed to stand.

3. DAMAGES—*what may be considered in personal injury case.* In fixing the amount of damages plaintiff is entitled to receive, the jury has a right to take into consideration not only the injuries to the plaintiff and the resultant conditions but also has a right to consider physical pain and suffering undergone.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed January 17, 1912.

SAMUEL S. PAGE and WATSON J. FERRY, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

On October 24, 1903, appellant owned and operated a double track cable street car line on State street in the city of Chicago. State street runs north and south. The west track is used by south-bound cars and the east track is used by north-bound cars. In the early evening of that day appellee, then four days less than eight years old, in company with a brother about two years younger, started from their home on the west side of State street between 47th and 48th streets to go to the store of their father on the east side of State street and a few doors north of their home. They started north towards a building occupied as a laundry where a Chinaman had that day established himself. When near the building so occupied by the Chinaman, some one called out "the Chinaman is coming." This so frightened the boys that they started on a run out into the street in a northeasterly direction towards their father's store. This was near the middle of the block and not at a regular street crossing. Appellee was slightly in advance of his younger brother. There was at the same time a train of street cars, composed of a grip car and one trailer, approaching from the south, running about ten miles per hour, that being about the usual speed for cars between stopping points. This train and appellee collided at the point where appellee's course crossed the east or north-bound street car track, and the boy was severely injured, having both thigh bones broken and both bones of one leg below the knee broken twice and receiving a severe flesh wound. There was a reasonably good

recovery as to the fracture of the thigh bones, but the bones below the knee did not properly unite and portions of them rotted away, and at the time of the trial, which was nearly six years after the injury, these bones were still rotting; that leg was two inches shorter than the other, and there was a running sore from which pus, forming about the rotting bones, flowed. The evidence tends to show that whether the bones will ever unite is problematical and that the leg may have to be amputated. The verdict was for appellee for $9,000, and judgment was entered thereon.

The negligence charged in the declaration is that, while appellee was exercising such care as could reasonably be expected of one of his years and intelligence, appellant ran, managed and operated its car in such a reckless, negligent and improper manner that the same ran against and injured appellee. Appellant insists that the verdict is not justified by the evidence, but is manifestly against the weight of it; that it fails to show that appellant was guilty of any negligence, but does show that the accident was caused by the negligence of appellee; that improper evidence was admitted and that the verdict was excessive.

On the question of how the accident happened and what was the proximate cause of it, the evidence was conflicting. The jury were instructed fully as to the law in the case. The rights of appellant were set out in the instructions quite as favorably to it as the law will warrant, and no complaint is made of the action of the court in that regard. Among other things, the court instructed the jury that appellee was required to exercise that degree of care which could reasonably be expected of an ordinarily careful and prudent boy of his age, intelligence and experience; that the exercise of that degree of care was of vital importance to appellee's right to recover, and that if the preponderance of all the evidence did not show he exercised that

degree of care at and just before the accident, he could not recover; that if the evidence was evenly balanced or preponderated in favor of appellant, appellee could not recover; that if appellee ran in front of the car and the motorman before and at the time he did so exercised ordinary and reasonable care to avoid injuring him, appellee could not recover; that the jury could not resolve any doubts they might have on any controverted fact in favor of appellee, but in such case should find such facts for appellant. We are unable to see how the jury could have failed to understand the basis on which appellee must recover, if at all. When the evidence is conflicting, and the jury is properly instructed, the verdict should not be disturbed, unless it is manifestly against the weight of the evidence. We have given all the evidence careful consideration, and feel satisfied that it fairly justifies a finding by the jury that appellee, at and immediately before the injury, was, and that any ordinary boy of his age, intelligence and experience would, under the same circumstances, naturally have been acting under fear of pursuit by the Chinaman; that the car approached appellee on his rear right side; that the bell on the car approaching from the south was not ringing; that appellee did not hear or see the car approaching, and that at and immediately before the injury appellee was in the exercise of ordinary care and caution for his own safety, commensurate with his age, intelligence and experience; that it was about fifty feet from the point where appellee started from the sidewalk to cross the street to the place where he received his injuries; that while appellee was passing from where he left the sidewalk to where he was injured, there was nothing to prevent the motorman from seeing him and observing his movements; that the motorman did see him or by the exercise of ordinary care for the safety of persons who might be in the street and about to

cross the street car track he would have seen him in time to have stopped his car and avoided the injury, and that the motorman was guilty of negligence in not stopping his car in time to avoid the injury.

The only error complained of in the rulings of the court on the admission of evidence is when the witness, Mrs. Cox, was asked, speaking of the bell on the north bound car:

Q. "Did it ring before that?"

She answered: "No, if it had I would have heard it, but I did not hear it."

A motion was made by counsel for appellant to strike out "her statement that she would have heard it." This motion was denied. The question to which this answer was interposed was put to the witness by counsel for appellee, and if he had asked that it be striken out because not responsive, the court would undoubtedly have allowed the motion, but when the statement volunteered by a witness is relevant to the issue being tried, and is one the examining party would have a right to elicit, the opposing party cannot complain. 1 Thompson on Trials, sec. 706; Turck v. City of Chicago, 146 Ill. App. 472. The case of Math v. Chicago City Ry. Co., 243 Ill. 114, is not in conflict with the view above expressed, and is not in point here. While the language complained of is in form the expression of an opinion, it was in effect saying there was nothing to prevent her from hearing the bell if it had rung, and questions eliciting such answers have been many times approved by the courts of this state. C. & A. R. R. Co. v. Dillon, 123 Ill. 570, on p. 577; Peoria, Pekin & Jacksonville R. R. Co. v. Siltman, 88 Ill. 529; I. C. R. R. Co. v. Slater, 139 Ill. 190-200. There was no error in denying the motion to strike the answer of the witness from the record.

In fixing the amount of damages appellee was entitled to receive the jury had a right to take into con-

sideration not only the injuries to appellee and the resultant conditions already mentioned, but had a right to also consider the physical pain and suffering undergone by appellee during the six years between the injury and the time of the trial, as well as what he will still be compelled to endure, and also the fact that he is crippled for life with all that that implies, so far as these facts are disclosed by the evidence, and while the amount fixed as such damages was substantial, we are not prepared to say it was more than under all the circumstances was fairly compensatory.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*